## Josephine P. Avery v. Leonard Avery

Superior Court     Hartford County     File No. 84252

Memorandum filed December 20, 1949

*Leonard E. Wladimer,* of Hartford, for the Plaintiff.

No counsel for the Defendant.

INGLIS, J. The plaintiff here seeks an annulment of her marriage to the defendant, which was solemnized in a Roman Catholic Church in West Hartford on April 10, 1948, on the ground that she was induced to enter upon the marriage by a fraudulent representation. Briefly, the facts are that the plaintiff is a Roman Catholic and the defendant is a Protestant. Before marriage the defendant promised that after the ceremony he would embrace Catholicism and the plaintiff married him relying upon that promise. A few days after the ceremony the defendant announced that he would not keep his promise and the plaintiff left him and has not lived with him since. There is nothing in the evidence to justify a finding that before the marriage the defendant did not intend to fulfill his promise. On the contrary, it is at least equally probable that he did intend to keep his promise but changed his mind after the ceremony.

In *Gould* v. *Gould,* 78 Conn. 242, it is pointed out that at the time that case was decided the courts in Connecticut could annul a marriage only on such grounds as would render the marriage void, as distinguished from voidable, at common law or under some statute. That is to say, a marriage might be annulled on the ground of the prior marriage of either party or non-age or mental incapacity to consent or lack of consent, or con-

sanguinity, or corporal imbecility, or the like. That the consent of one of the parties to the marriage was procured by fraud has never been the basis for rendering the marriage void. The clear distinction between marriages which are void and those which are voidable is made in *Davis* v. *Davis,* 119 Conn. 194, 199.

When *Gould* v. *Gould* was decided the statute in force empowered the courts to annul marriages which were "void." Since then that statute has been modified to read: "Whenever from any cause any marriage shall be void or voidable under the laws of this state or of the state in which such marriage was performed, the superior court may . . . pass a decree declaring such marriage void. . . ." General Statutes, § 7341. The Supreme Court of Errors, however, has never passed upon the question of what it is that renders a marriage voidable, or specifically whether a marriage procured by fraud is voidable.

The decisions of the courts of New York, some of which have been cited by the plaintiff, are not persuasive in the determination of this question. The statute in that state is such that under it, it has been held, any false representation such as would render any contract voidable will make a marriage contract voidable. *di Lorenzo* v. *di Lorenzo,* 174 N. Y. 467, 472. We have no such statute in this state.

Inasmuch as, in this state, fraudulent representation as an inducement to marriage is looked upon as a ground for divorce rather than annulment, it is extremely doubtful that, under our law, any marriage is made voidable by reason of a fraudulent representation of any nature. However that may be, it certainly is true that if a fraudulent representation is to be one which makes the marriage voidable it must be at least as serious as those which give ground for divorce for fraudulent contract. That is, it must be one which goes to the very essence of the marriage relationship. *Gould* v. *Gould,* 78 Conn. 242, 261; *Lyman* v. *Lyman,* 90 Conn. 399, 402.

A man's religious affiliation does not go to the essence of his marriage. Although disagreement on religious matters between a husband and wife may lead to difficulties, they do not prevent the fulfillment of the purposes of the marriage. They need not be even a serious obstacle to happiness. They certainly do not prevent either party from performing the duty which he owes to the other which the marriage contract imposes.

For two reasons, therefore, the plaintiff has failed to make out a case entitling her to an annulment. In the first place, she has failed to prove that in making his promise to embrace Catholicism the defendant had a fraudulent intent not to keep his promise. In the second place, even though that fraudulent intent could have been found, such a representation would not have been one which would have rendered the marriage voidable under the law of this state.

Judgment may enter denying the annulment.